# STATE OF MICHIGAN

# COURT OF APPEALS

CHARLES ROLLISON, D.O.,

        Plaintiff-Appellee,

v

JOSEPH A. KINGSBURY, D.O., and JOSEPH A.
KINGSBURY D.O., P.C.,

        Defendants-Appellants,

and

GENESYS REGIONAL MEDICAL CENTER,

        Defendant.

UNPUBLISHED
July 16, 2015

No.  320599
Genesee Circuit Court
LC No.  11-096709-CZ

Before: JANSEN, P.J., and SAWYER and FORT HOOD, JJ.

PER CURIAM.

Defendants appeal by leave granted from the trial court's denial of defendants' motion for summary disposition, which would have dismissed the two remaining counts of plaintiff's five-count complaint. We reverse and remand.

Plaintiff was employed at Genesys Regional Medical Center as the Obstetrics and Gynecology Residency Program Director from 2006 until 2011. His most recent contract, covered the time period from 2009 until June 30, 2011. It provided for successive one-year renewals upon mutual agreement of the parties. In October 2010, he was notified by Dr. Linda Hotchkiss, Genesys's Chief Learning Officer, that his contract was not going to be renewed. Thereafter, on January 15, 2011, plaintiff was informed that he was relieved of his duties and was not to return to the hospital, although he would be paid until the end-date of the contract.

Meanwhile, after learning in October 2010 that his contract with the hospital would not be renewed, plaintiff began preparing to open his own private practice. He began the process to lease office space from Genesys on the first floor, referred to as Suite 1805. But, shortly after being relieved of his hospital responsibilities in January 2011, he was informed that Genesys could not lease that particular space to him because that area of the building had been financed

-1-

by a public bond issue and could only be used for hospital purposes, not leased to a private practitioner.

Plaintiff commenced this action, filing a five-count complaint. But only Counts II and III remain relevant to this appeal. Count II alleges tortious interference with contract and Count III alleges tortious interference with a business relationship. Turning first to Count II, while the trial court is correct that there is a great deal of facts presented by both sides, often contradictory, and that this is a very fact-intensive case, it is nevertheless easily resolved. As this Court stated in *Health Call of Detroit v Atrium Home & Health Care Services, Inc*, 268 Mich App 83, 89-90; 706 NW2d 843 (2005), the "elements of tortious interference with a contract are (1) the existence of a contract, (2) a breach of the contract, and (3) an unjustified instigation of the breach by the defendant." As defendants point out in their brief, this claim must fail because there was no breach of the contract. Although plaintiff was relieved of his responsibilities at the hospital before the end of the contract, he was continued to be paid under the contract. That is, plaintiff points to no benefit that was due him under the contract that he did not receive. His only claim of tortious interference was in the non-renewal of the contract.

As this Court observed in *Health Call*, 268 Mich App at 91 n 3, a claim of tortious interference with a contract requires a breach of the contract:

> To the extent that plaintiff claims tortious interference with a contract, as opposed to interference with a business relationship or expectancy, against Atrium and Borner as it relates solely and directly to the home nursing contract, the claim cannot survive because there is no assertion that Williams *breached* the home nursing contract.

Thus, even accepting that plaintiff in this case can establish that defendant[1] acted wrongfully in preventing the renewal of plaintiff's contract with Genesys, there was no breach of the contract. Thus, at most, such conduct by defendant could potentially support a claim for tortious interference with a business relationship or expectancy, but not with tortious interference with a contract. Accordingly, the trial court should have granted summary disposition as to Count II.

Thus, we must turn to Count III and plaintiff's claim of tortious interference with a business relationship or expectancy. *Health Call*, 268 Mich App at 90, sets forth the requirements to establish this claim:

> The elements of tortious interference with a business relationship or expectancy are (1) the existence of a valid business relationship or expectancy that is not necessarily predicated on an enforceable contract, (2) knowledge of the relationship or expectancy on the part of the defendant interferer, (3) an intentional interference by the defendant inducing or causing a breach or

---

[1] For ease of reference, defendant in the singular will refer to defendant Kingsbury in his individual capacity.

termination of the relationship or expectancy, and (4) resulting damage to the party whose relationship or expectancy was disrupted.

With respect to this claim, plaintiff only pled tortious interference with his seeking to rent Suite 1805 as well as not receiving "staff call" work. He made no allegations under this count with respect to the non-renewal of the employment contract. Therefore, we will examine only whether summary disposition was appropriate with respect to the rental of Suite 1805 and the staff call work.

And in this regard, plaintiff points to no evidence that establishes such a claim. Plaintiff offers a motive, that the office space was directly across the hall from defendant's own practice and would not want the competition from plaintiff, but little else. Plaintiff points to no evidence to establish that defendant even knew about plaintiff's efforts to rent Suite 1805, much less any evidence to establish that defendant took action to prevent it. But, contrary to plaintiff's argument, a motive alone does not establish circumstantial evidence from which a jury could reasonably conclude that defendants tortiously interfered with plaintiff's attempts to rent Suite 1805. Indeed, even if we accept plaintiff's argument that Genesys's stated reason for being unable to rent the space to him, because of the public financing of the space, was untrue, one could also make the argument that perhaps Genesys, having terminated its employment relationship with plaintiff, simply did not want to establish his practice on the premises.

Similarly, with respect to not receiving "staff call" work, plaintiff points to no evidence regarding defendant's role in denying any staff call work. Indeed, defendants allege that plaintiff never actually made a request to take staff call work.

Accordingly, the trial court should have dismissed Count III as well.

For the above reasons, we conclude that the trial court erred in denying defendants summary disposition on Counts II and III. We reverse the trial court and remand the matter for entry of summary disposition in favor of defendants. We do not retain jurisdiction. Defendants may tax costs.

/s/ Kathleen Jansen
/s/ David H. Sawyer
/s/ Karen M. Fort Hood

-3-

# Court of Appeals, State of Michigan

# ORDER

Charles Rollison D O v Joseph A Kingsbury D O

Docket No. 320599

LC No. 11-096709-CZ

Kathleen Jansen
Presiding Judge

David H. Sawyer

Karen M. Fort Hood
Judges

The Court orders that the motion for clarification is GRANTED.

On the Court's own motion, the Court's opinion issued on June 18, 2015, is VACATED and a new opinion is issued with this order.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

JUL 16 2015

Date

Chief Clerk